UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-CV-60902-COHN-SELTZER

RUSKIN COMPANY, a Delaware corporation,

    Plaintiff,

vs.

GREENHECK FAN CORPORATION, a Wisconsin corporation,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

THIS CAUSE came before the Court on Defendant Greenheck Fan Corporation's Motion to Dismiss [DE 4]. The Court has carefully considered the motion, response [DE 13] and reply thereto [DE 15], and is otherwise fully advised in the premises.

### I.   BACKGROUND

Ruskin Company ("Plaintiff" or "Ruskin") manufactures louvers, dampers and other products. Its longtime Florida distributor of louvers and dampers, E.M. Corson and Associates, doing business as Cors-Air, also distributes fans manufactured by Defendant Greenheck Fan Corporation ("Defendant" or "Greenheck"). Greenheck also manufactures louvers and dampers, and wished to have Cors-Air distribute those lines of products in Florida.

Ruskin alleges in this action that Greenheck threatened Barry D. Tharp, the president of Cors-Air, "that if Cors-Air did not terminate its relationship with Ruskin,

Greenheck would not allow Cors-Air to distribute any of its products. At the same time, Greenheck told Tharp that it would also pay Cors-Air a sum of money if it would terminate its Ruskin relationship." Complaint, ¶ 8. As a result of Greenheck's threat, Cors-Air informed Ruskin on May 1, 2008 that it was canceling its representation of Ruskin dampers and louvers, effective June 1, 2008. Id., ¶ 13. Ruskin alleges that it has been and will be damaged "by the loss of its primary Florida distributor after a mutually profitable relationship of over twenty years in length, by lost sales and profits." Id., ¶ 15.

Ruskin filed this action alleging a single claim of tortious interference with a business relationship. Greenheck has moved to dismiss the action.

## II. DISCUSSION

### A. Motion to Dismiss Standard

Until the recent Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. —, 127 S.Ct. 1955 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001). However, pursuant to Twombly, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." 127 S. Ct. at 1965. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a

plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65.  Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

### B.  Tortious Interference

A claim for tortious interference of a business relationship may be brought in Florida under the following standard:

> One who intentionally and improperly interferes with the performance of a contract (except a contract to marry) between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract (citing to Restatement). . . .
>
> The elements of tortious interference with a business relationship are "(1) the existence of a business relationship ... (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship."

Gossard v. Adia Services, Inc., 723 So.2d 182, 184 (Fla. 1998), citing Ethan Allen, Inc. v. Georgetown Manor, Inc., 647 So.2d 812, 814 (Fla.1994); International Sales & Service, Inc. v. Austral Insulated Products, Inc., 262 F.3d 1152, 1154 (11th Cir. 2001).

### 1.  Lack of Malice

Greenheck's first argument in support of its motion to dismiss is that Ruskin has failed to alleged an unjustified interference with its relationship with Cors-Air.

3

Greenheck asserts that without an allegation of malice and that Greenheck acted solely to harm Ruskin, the claim must fail, as competitors have a privilege in Florida law to interfere.[1]  Ruskin responds by arguing that it has alleged improper means (threats and bribery), and therefore does not need to allege a sole motive of malice.

Both sides cite to KMS Restaurant Corp. v. Wendy's International, Inc., 361 F.3d 1321 (11th Cir. 2004), on this issue.  The United States Court of Appeals for the Eleventh Circuit reversed the district court's grant of summary judgment and directed the court on remand to: "take as given that use of improper methods may support a tortious interference claim even when the defendant did not act solely out of malice." KMS Restaurant, 361 F.3d at 1328.  Thus, Ruskin is correct that its allegations of an intimidating threat and bribe (Complaint, ¶¶ 8-9) can support its claim.

## 2.  Improper Means

Greenheck next argues that Ruskin has not sufficiently alleged improper means as "threatening to withhold business or agreeing to pay for exclusivity" are not improper means.  Greenheck relies on cases involving related claims of antitrust violation or copying.  Ruskin, on the other hand, asserts that whether means are improper or are privileged is a question of fact for a jury under Florida common law.  International Sales & Service, 262 F.3d at 1159 (numerous cases cited therein).

At this early stage of the litigation, the Court concludes that Ruskin has sufficiently alleged an intimidating threat and possible bribe that could be improper

---

[1] Greenheck argues, though outside the four corners of the Complaint, that it merely sought to expand its existing distributorship relationship, and make that relationship exclusive.

means.  Assuming all of its allegations are true, and the actions of Greenheck are not privileged (an issue not decided herein), Ruskin has raised a right to relief above the speculative level required by Twombley.

### 3.  Existence of Relationship

Greenheck also alleges that Ruskin has failed to sufficiently plead a business relationship.  The Court disagrees.  As discussed in International Sales & Service, 262 F.3d at 1155-57, in this case there is an identifiable customer involved, Cors-Air, thus distinguishing those cases dealing with the general public such as Ethan Allen, 647 So.2d at 815.  Ruskin has alleged that Cors-Air has been its primary Florida distributor for over twenty years, and that the relationship was profitable and expected to continue until Greenheck's actions.  Compl., ¶¶ 6, 15.  For purposes of the motion to dismiss, Ruskin has alleged the existence of a sufficient business relationship.

### III.  CONCLUSION

The Court concludes that Greenheck's motion to dismiss should be denied.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant Greenheck Fan Corporation's ("Greenheck") Motion to Dismiss [DE 4] is hereby **DENIED**;

2. Greenheck shall file its Answer by November 25, 2008.

DONE AND ORDERED in chambers at Fort Lauderdale, Broward County, Florida, this 13th day of November, 2008.

*James I. Cohn*
JAMES I. COHN
United States District Judge

copies to: counsel of record on CM/ECF