UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-CV-60902-COHN-SELTZER

RUSKIN COMPANY, a Delaware corporation,

    Plaintiff,

vs.

GREENHECK FAN CORPORATION, a Wisconsin corporation,

    Defendant.
_____/

### ORDER AFFIRMING MAGISTRATE JUDGE DISCOVERY ORDERS

THIS CAUSE came before the Court on Defendant Greenheck Fan Corporation's Partial Appeals [DE's 75 and 98] of the Magistrate Judge's Orders on Motion for Protective Order and Motion to Compel [DE's 64 and 83]. The Court has carefully considered the Appeals, Ruskin Company's Response [DE 87/92], and is otherwise fully advised in the premises.[1]

I.  BACKGROUND

As previously discussed in the Order denying the motion to dismiss [DE 41], Ruskin Company ("Plaintiff" or "Ruskin") manufactures louvers, dampers and other products. Its longtime Florida distributor of louvers and dampers, E.M. Corson and Associates, doing business as Cors-Air, also distributes fans manufactured by

---

[1] Although Greencheck filed a reply memorandum [DE 103], there is no provision in either the Local Rules or 28 U.S.C. § 636(b)(1) for the filing of a reply where a non-dispositive magistrate judge order is objected to by a party. See Rule 4(a)(1) of the Magistrate Judge Rules of the Southern District of Florida. Although this filing could be subject to being stricken, the Court has considered it.

Defendant Greenheck Fan Corporation ("Defendant" or "Greenheck").  Like Ruskin, Greenheck also manufactures louvers and dampers, and wished to have Cors-Air exclusively distribute those lines of products in Florida.  Upon Cors-Air notifying Ruskin that it was ending their relationship and switching to distributing only Greencheck products, Ruskin filed this action for tortious interference with a business relationship.

## II. DISCUSSION

The parties have been engaging in discovery, including motion practice with regard to the scope of discovery.  Those motions have been referred to Magistrate Judge Barry Seltzer, who has entered orders on the various motions to compel and for protective orders.  In this instance, Greencheck appeals a portion of Judge Seltzer's order granting in part and denying in part Ruskin's motion for protective order regarding the scope of the Rule 30(b)(6) corporate deposition of Ruskin's representative, as well as the scope of related document discovery.  In particular, Greencheck appeals the portions of Judge Seltzer's orders denying discovery as to three issues: 1) production of tax returns; 2) Ruskin's parent corporation's takeover attempt of Greencheck; and 3) the details of Ruskin's attempt to lure away Cors-Air's key salesperson.

### A. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(A), Magistrate Judges may decide non-dispositive motions.  Upon objection by a party, the District Court may reconsider any pretrial matter where it has been shown that the Magistrate Judge's order is "clearly erroneous or contrary to law."  See 28 U.S.C. § 636(b)(1); Massey v. United Transp. Union, 868 F. Supp. 1385, 1388 (S.D.Ga.1994) (stating that a magistrate

judge's order will be set aside when clearly erroneous or contrary to law), aff'd, 65 F.3d 183 (11th Cir.1995).  Accordingly, unless Magistrate Judge Seltzer's determinations with respect to the discovery matters at issue were clearly erroneous, or contrary to law, those determinations shall not be disturbed.

### B.  Tax Returns

Judge Seltzer determined that although Ruskin's tax returns are relevant to its claim of lost profit damages, Greencheck failed to show a compelling need for production of the tax returns as it could obtain similar information from the other financial documents he compelled to be produced.  Judge Seltzer noted a split of authority in the Southern District of Florida with regard to whether a compelling need is required, with the greater weight of authority supporting such a standard.  See Order at pp. 6-8 (numerous cases cited therein).  Greencheck asserts that the United States Court of Appeals for the Eleventh Circuit's decision in Maddow v. Proctor & Gamble, Co., Inc., 107 F.3d 846, 853 (11th Cir. 1997) rejected a standard greater than relevancy for tax return production.  Ruskin concedes that the Eleventh Circuit affirmed production of the tax returns as relevant, but argues that the Court addressed the issue of whether refusal to produce the tax documents was sanctionable, and did not specifically rule upon whether mere relevancy was sufficient for tax return production.

While it may be that several courts have rejected the compelling need standard, upon a review of the case law relied upon by Greencheck and the Magistrate Judge, this Court cannot conclude that Judge Seltzer's ruling was contrary to law.  In addition to the split of authority, he did allow inquiry and production of all requested financial

3

records with the exception of the tax return information.  Thus, the Magistrate's Order is affirmed on the tax return issue.

### C.  Ruskin's Takeover Attempt of Greencheck and Attempt to Lure Cors-Air's Key Salesperson to New Ruskin-aligned Company

Greencheck appeals the Magistrate Judge's ruling that it cannot inquire at deposition into Ruskin's parent corporation, Tomkins plc, attempt to acquire Greencheck, nor into Ruskin's attempt to lure away Carlos Santander, Cors-Air's key salesperson.  Judge Seltzer held that Tomkins' strategy toward competing with Greencheck was not relevant to Greencheck's alleged interference with Ruskin's customer.  Greencheck argues that the law allows for such an inquiry to merely lead to relevant information regarding "Ruskin's knowledge that the dual representation situation at Cors-Air. . . was not long-term viable and that Tomkins therefore needed to act to eliminate Greencheck as a competitor."  Greencheck asserts that any Tomkins/Ruskin analyses of the benefits of exclusive representation may prove Greencheck's case that legitimate economic objectives are served via exclusive representation.  This Court agrees that such internal analyses are not relevant to any claim or defense in this action.

The Court's conclusion is buttressed by the fact that it appears, at least as presented by Greencheck, that in the depositions of Ruskin's sales executives, not available to Judge Seltzer, Ruskin admits that it expects its sales representatives to promote its products exclusively.  Greencheck Partial Appeal at pp. 3-5.  These depositions also reveal that Ruskin engaged in similar behavior in luring Cors-Air's key salesperson away from Cors-Air, now only selling Greencheck products, to a new sales

entity, Technical Systems Enterprises ("TSE"), that would only sell Ruskin products. In the process, Ruskin had no problem asking TSE to dump its current product line of another company's products. Greencheck thus already has the testimony of Ruskin officials regarding their view of appropriate competition in the context of business competitors. The specifics involved in the takeover attempt and the specific inducements Ruskin offered or approved for Carlos Santander to leave Cors-Air are irrelevant to the claim or defense in this case, though the testimony described above may be relevant to the bounds of what constitutes tortious interference. This Court concludes that Judge Seltzer's discovery rulings should be affirmed, as they were not clearly erroneous nor contrary to law.

### III. CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant Greenheck Fan Corporation's Partial Appeals [DE's 75 and 98] of the Magistrate Judge's Orders on Motion for Protective Order and Motion to Compel [DE's 64 and 83] are hereby **DENIED** and the Orders are **AFFIRMED**;

2. The motion to seal [DE 96] is hereby **DENIED as moot**, as the Court previously granted the relief [DE 95].

DONE AND ORDERED in chambers at Fort Lauderdale, Broward County, Florida, this 12th day of February, 2009.

_____
JAMES I. COHN
United States District Judge

copies to: counsel of record on CM/ECF